THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* VÍCTOR RAMÓN RAMOS GARCÍA, Defendant and Appellant.

No. CR-65-176.    Decided May 9, 1967.

---

*Edna Abruña Rodríguez, E. Armstrong de Watlington,* and *Enrique Miranda Merced* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant Víctor Ramón Ramos García, accused and convicted of possessing, buying, or receiving personal property knowing the same to have been stolen (§ 438 of the Penal Code—33 L.P.R.A. § 1693) alleges on appeal that the trial court erred (1) in failing to determine that his arrest was illegal and that the incriminating evidence obtained, being the result of an illegal arrest, was inadmissible; (2) in permitting the presentation of alleged statements of defendant accepting having bought some radios, when said statements were evidence obtained by means of the two illegal arrests; and (3) in failing to determine that appellant's statements before Judge Martínez were inadmissible at law.

It was established that each one of said radios was worth $50 or more. The record shows that policeman López Bonilla testified as follows:

"A. We submitted the case to Judge Pedro J. Martínez, who made the pertinent warnings.
"Q. To whom?
"A. To Víctor Ramón Ramos García.

"Q. In what did said warnings consist?

"A. Warnings as to whether he was able to retain an attorney; to call a close relative; whether he wanted to testify; he said no. He also stated to the judge that he had bought those radios one for five dollars and the other for seven dollars.

"Q. But I do not understand that which he said, that he did not want to testify, and later he told you that.

"A. That was the only question that he answered to the judge and nothing more; he did not answer any more.

"Q. That he had bought those two radios?

"A. That, only that.

"Q. Which two radios?

"A. The radios belonging to Shepard and Mrs. Virginia."

Then the trial judge proceeded to interrogate this witness on the following points:

"Judge: Tell me something, what is it you say this defendant told the judge?

"A. The judge asked him whether he wanted to testify; he answered no, but then, later on, he said, 'Your Honor, I want to say something. I bought this radio from a person I did not know.'

"Q. To what radio do you refer?

"A. The radios belonging to Shepard and Virginia Brooks, one for $5.00 and the other for $7.00, as he stated to the judge.

"Q. Where did you arrest him?

"A. In Barceló Plaza in Barrio Obrero.

"Q. Was he in the plaza itself, on the street, in any establishment?

"A. He was on the street, in a garage, in Leopoldo's garage.

"Q. What kind of a garage?

"A. Service station. When I arrested him there, in that place, he had another radio, a plier-screwdriver, he had a small knife and a piece of wire."

■ We need not pass on the first two assignments of appellant, since we are constrained to reverse the judgment in this case on the ground that, as it appears from the testimony of policeman López Bonilla, when the latter took

appellant before a magistrate to submit the case, the judge did not warn appellant, before the latter testified, of his right to refuse to do so, and that if he chose to testify, his statements could be used against him, a constitutional requirement which we sanctioned in *People* v. *Martínez et al.*, 15 P.R.R. 725, 727–28 (1909). The only evidence of the warnings which appears in the record is the testimony of said policeman to the effect that the judge only informed him that he could retain an attorney, call a relative, and could testify if he wanted to.

■ In view of the fact that appellant was not given said warnings prior to his testifying before the judge in question, policeman López Bonilla's testimony was not admissible to the effect that appellant told him that he had bought one of the radios for $5.00 and the other for $7.00, when it was established that their value was considerably higher. *People* v. *Cedeño*, CR-66-122, judgment of December 23, 1966; *People* v. *Adorno Lorenzana*, 93 P.R.R. 768 (1966); *Rivera Escuté* v. *Delgado, Warden*, 92 P.R.R. 746 (1965). This is the only evidence from which it may be inferred that appellant bought the radios knowing the same to have been stolen. In the absence of such evidence, therefore, we are constrained to conclude that the commission of the offense alleged in the information was not proved.

The judgments rendered in this case by the Superior Court, San Juan Part, on April 7, 1965 will be reversed and appellant will be acquitted.

Mr. Justice Santana Becerra is of the opinion that, since a rule of exclusion of evidence is involved, it is proper to order a new trial and not the acquittal of defendant. Mr. Chief Justice Negrón Fernández did not participate herein.